IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

OTTER PRODUCTS, LLC,
a Colorado limited liability company,

      Plaintiff,

v.

MITAC DIGITAL CORPORATION,
a California corporation,

      Defendant.

---

## COMPLAINT AND JURY DEMAND
_____

Plaintiff Otter Products, LLC (dba OtterBox) ("Otter"), by and through its undersigned attorneys, for its Complaint against MiTAC Digital Corporation ("MiTAC"), states as follows:

## PARTIES

1. Plaintiff Otter is a Colorado limited liability company with its principal place of business in Fort Collins, Colorado.

2. On information and belief, Defendant MiTAC is a California corporation with its principal place of business at 471 El Camino Real, Santa Clara, CA 95050.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101, *et. seq.*

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332 and 28 U.S.C. § 1338.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400, because MiTAC is engaged in the regular, continuous and systematic transaction of business in this judicial district, including through the distribution, sale and/or offer for sale of the Magellan ToughCase in Colorado, and has committed acts of patent infringement in this judicial district.

## OTTER'S PATENTS

6. On November 11, 2003, United States Patent No. 6,646,864 ("'864 Patent"), entitled "Protective Case for Touch Screen Device," was duly and legally issued to Curtis R. Richardson. A true and correct copy of the '684 Patent is attached as Exhibit A.

7. On February 7, 2006, United States Patent No. 6,995,976 ("'976 Patent"), entitled "Protective Membrane for Touch Screen Device," was duly and legally

issued to Curtis R. Richardson. A true and correct copy of the '976 Patent is attached as Exhibit B.

8. On January 2, 2007, United States Patent No. 7,158,376 ("'376 Patent"), entitled "Protective Enclosure for an Interactive Flat Panel Controlled Device," was duly and legally issued to Curtis R. Richardson and Douglas A. Kempel. A true and correct copy of the '376 Patent is attached as Exhibit C.

9. On June 12, 2007, United States Patent No. 7,230,823 ("'823 Patent"), entitled "Protective Membrane for Touch Screen Device," was duly and legally issued to Curtis R. Richardson and Douglas A. Kempel. A true and correct copy of the '823 Patent is attached as Exhibit D.

10. On October 27, 2009, United States Patent No. 7,609,512 ("'512 Patent"), entitled "Protective Enclosure for Electronic Device," was duly and legally issued to Curtis R. Richardson and Alan Morine. A true and correct copy of the '512 Patent is attached as Exhibit E.

11. The '864, '976, '376, '823, and '512 Patents ("Patents-in-suit") are enforceable and, pursuant to 35 U.S.C. § 282, enjoy a statutory presumption of validity.

12. By assignment, Otter owns all right, title and interest in and to the Patents-in-suit, including, without limitation, the right to enforce these patents and collect damages for past infringement.

## **FIRST CLAIM FOR RELIEF**

### **(Infringement of U.S. Patent No. 6,464,864)**

13. Otter incorporates herein by reference each and every allegation in paragraphs 1 through 12.

14. MiTAC is making, using, selling and/or offering to sell in the United States and/or importing into the United States, protective cases for electronic devices, including, without limitation, the Magellan ToughCase.

15. MiTAC's activities in making, using, selling and/or offering to sell in the United States and/or importing into the United States, protective cases for electronic devices constitute direct infringement of the '864 Patent, in violation of 35 U.S.C. § 271(a).

16. MiTAC's actions in infringing the '864 Patent have been, and are, willful, deliberate and/or in conscious disregard of Otter's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Otter to the award of its attorneys' fees.

17. MiTAC's infringement of the '864 Patent has caused and will continue to cause damage to Otter in an amount to be ascertained at trial.

18. MiTAC's infringement of the '864 Patent has caused and will continue to cause irreparable injury to Otter as to which there exists no adequate remedy at law. MiTAC's infringement of the '864 Patent will continue unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 6,995,976)

19. Otter incorporates herein by reference each and every allegation in paragraphs 1 through 18.

20. MiTAC is making, using, selling and/or offering to sell in the United States and/or importing into the United States, protective cases for electronic devices, including, without limitation, the Magellan ToughCase.

21. MiTAC's activities in making, using, selling and/or offering to sell in the United States and/or importing into the United States, protective cases for electronic devices constitute direct infringement of the '976 Patent, in violation of 35 U.S.C. § 271(a).

22. MiTAC's actions in infringing the '976 Patent have been, and are, willful, deliberate and/or in conscious disregard of Otter's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Otter to the award of its attorneys' fees.

23. MiTAC's infringement of the '976 Patent has caused and will continue to cause damage to Otter in an amount to be ascertained at trial.

24. MiTAC's infringement of the '976 Patent has caused and will continue to cause irreparable injury to Otter as to which there exists no adequate remedy at law. MiTAC's infringement of the '976 Patent will continue unless enjoined by this Court.

## THIRD CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,158,376)

25. Otter incorporates herein by reference each and every allegation in paragraphs 1 through 24.

26. MiTAC is making, using, selling and/or offering to sell in the United States and/or importing into the United States, protective cases for electronic devices, including, without limitation, the Magellan ToughCase.

27. MiTAC's activities in making, using, selling and/or offering to sell in the United States and/or importing into the United States, protective cases for electronic devices constitute direct infringement of the '376 Patent, in violation of 35 U.S.C. § 271(a).

28. MiTAC's actions in infringing the '376 Patent have been, and are, willful, deliberate and/or in conscious disregard of Otter's rights, making this an

exceptional case within the meaning of 35 U.S.C. § 285 and entitling Otter to the award of its attorneys' fees.

29. MiTAC's infringement of the '376 Patent has caused and will continue to cause damage to Otter in an amount to be ascertained at trial.

30. MiTAC's infringement of the '376 Patent has caused and will continue to cause irreparable injury to Otter as to which there exists no adequate remedy at law. MiTAC's infringement of the '376 Patent will continue unless enjoined by this Court.

## FOURTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,230,823)

31. Otter incorporates herein by reference each and every allegation in paragraphs 1 through 30.

32. MiTAC is making, using, selling and/or offering to sell in the United States and/or importing into the United States, protective cases for electronic devices, including, without limitation, the Magellan ToughCase.

33. MiTAC's activities in making, using, selling and/or offering to sell in the United States and/or importing into the United States, protective cases for electronic devices constitute direct infringement of the '864 Patent, in violation of 35 U.S.C. § 271(a).

34. MiTAC's actions in infringing the '823 Patent have been, and are, willful, deliberate and/or in conscious disregard of Otter's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Otter to the award of its attorneys' fees.

35. MiTAC's infringement of the '823 Patent has caused and will continue to cause damage to Otter in an amount to be ascertained at trial.

36. MiTAC's infringement of the '823 Patent has caused and will continue to cause irreparable injury to Otter as to which there exists no adequate remedy at law. MiTAC's infringement of the '823 Patent will continue unless enjoined by this Court.

## FIFTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,609,512)

37. Otter incorporates herein by reference each and every allegation in paragraphs 1 through 36.

38. MiTAC is making, using, selling and/or offering to sell in the United States and/or importing into the United States, protective cases for electronic devices, including, without limitation, the Magellan ToughCase.

39. MiTAC's activities in making, using, selling and/or offering to sell in the United States and/or importing into the United States, protective cases for

electronic devices constitute direct infringement of the '512 Patent, in violation of 35 U.S.C. § 271(a).

40. MiTAC's actions in infringing the '512 Patent have been, and are, willful, deliberate and/or in conscious disregard of Otter's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Otter to the award of its attorneys' fees.

41. MiTAC's infringement of the '512 Patent has caused and will continue to cause damage to Otter in an amount to be ascertained at trial.

42. MiTAC's infringement of the '512 Patent has caused and will continue to cause irreparable injury to Otter as to which there exists no adequate remedy at law. MiTAC's infringement of the '512 Patent will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Otter requests that judgment be entered in its favor and against MiTAC as follows:

A. Declaring that MiTAC has infringed United States Patent Nos. 6,646,864; 6,995,976; 7,158,376; 7,230,823; and 7,609,512;

B. Issuing a permanent injunction enjoining MiTAC, its officers, agents, subsidiaries, and employees, and those in privity or in active concert with any of the foregoing, from further activities that constitute infringement of the United

States Patent Nos. 6,646,864; 6,995,976; 7,158,376; 7,230,823; and 7,609,512, pursuant to 35 U.S.C. § 283;

C. Awarding Otter damages arising out of MiTAC's infringement of United States Patent Nos. 6,646,864; 6,995,976; 7,158,376; 7,230,823; and 7,609,512 in an amount not less than a reasonable royalty for each act of infringement, and trebling those damages pursuant to 35 U.S.C. § 284, together with costs and prejudgment and post-judgment interest;

D. Finding that this is an "exceptional case" within the meaning of 35 U.S.C. § 285 and award reasonable attorneys' fees to Otter; and

E. Awarding Otter such further legal and equitable relief as the Court deems just and proper.

## **<u>JURY DEMAND</u>**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Otter demands a trial

by jury on all issues so triable.

DATED: August 23, 2010                      Respectfully submitted,

                                        By:     /s/ Karen I. Boyd
                                                ***Karen I. Boyd***
                                                        boyd@turnerboyd.com

                                                TURNER BOYD LLP
                                                2625 Middlefield Rd. #675
                                                Palo Alto, CA  94306
                                                Telephone: 650-494-1530
                                                Facsimile: 303-863-0223

                                                ATTORNEYS FOR
                                                PLAINTIFF OTTER
                                                PRODUCTS LLC

<u>Plaintiff's Address:</u>
Otter Products LLC
1 Old Town Square
Suite 303
Fort Collins, CO 80524